McGREGOR W. SCOTT
United States Attorney
HENRY Z. CARBAJAL III
DAVID L. GAPPA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00065 DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE; AND ORDER |
| v. | DATE: December 9, 2020 |
| BIKRAMJIT PANNU, AND ULISES PENA | TIME: 1:00 p.m. COURT: Hon. Barbara A. McAuliffe |
| Defendants. | |

This case is set for status conference on September 28, 2020. This Court issued General Orders 611-618 and 620-621 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.

Although the General Order addresses the district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION TO CONTINUE STATUS CONFERENCE
AND TO EXCLUDE TIME

1

1 and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
2 are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
3 justice served by taking such action outweigh the best interest of the public and the defendant in a
4 speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
5 forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
6 served by the granting of such continuance outweigh the best interests of the public and the defendant in
7 a speedy trial."  *Id.*

8     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
9 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
10 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
11 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
12 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
13 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
14 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
15 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
16 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17     In light of the societal context created by the foregoing, this Court should consider the following
18 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
19 justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
20 for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
21 continuance must be "specifically limited in time").

## STIPULATION

23     Plaintiff United States of America, by and through its counsel of record, and defendants, by and
24 through defendants' counsel of record, hereby stipulate as follows:

25     1.    By previous order, this matter was set for status conference on September 28, 2020, with
26 speedy trial time excluded through September 28, 2020.

27     2.    By this stipulation, defendants now move to continue the plea hearing and reset the
28 hearing as a status conference before the magistrate judge on December 9, 2020 at 1:00 p.m., and to

1  exclude time between the date of this stipulation and December 9, 2020, under 18 U.S.C. §§
2  3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) and Local Code T4.

3      3.       The parties agree and stipulate, and request that the Court find the following:

4          a)       The government has represented that the discovery associated with this case
5  currently includes more than 12,000 pages of discovery, including investigative reports and
6  related documents.  This discovery has been either produced directly to counsel and/or made
7  available for inspection and copying.

8          b)       Defendants and defense counsel desire additional time in preparation of this case.
9  Defense counsel for defendant Pannu has requested additional time to review the government's
10 discovery production and specifically time to review the production with his client.  Defendant
11 Pena recently had his conditions of release modified and requires additional time to address
12 issues related to those changed release conditions.  The government also plans to shortly produce
13 a small amount of supplemental discovery to the parties.  The COVID-19 pandemic and the
14 restrictions on in-person meetings and workplace operations have lengthened the typical time
15 required for the parties to prepare for later proceedings or resolve the case.  The next earliest
16 convenient date for the parties and the Court for a status conference is December 9, 2020.  Thus,
17 the parties request that the current status conference be continued and reset before the assigned
18 magistrate judge on December 9, 2020, at 1:00 p.m.  Thus, the requested continuance will
19 conserve time and resources for the parties and the Court.

20         c)       Counsel for defendants believe that failure to grant the above-requested
21 continuance would deny them the reasonable time necessary for effective preparation, taking into
22 account the exercise of due diligence.

23         d)       The government does not object to and joins in the request for continuance.

24         e)       In addition to the public health concerns cited by General Orders 611-618 and
25 620-621 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is
26 particularly apt in this case because counsel has been encouraged to telework and minimize
27 personal contact to the greatest extent possible.

28         f)       Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to December 9, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 21, 2020           McGREGOR W. SCOTT
                                    United States Attorney

                                    /s/ HENRY Z. CARBAJAL III
                                    HENRY Z. CARBAJAL III
                                    Assistant United States Attorney

Dated  September 21, 2020           /s/ROBERT CONRAD LAMANUZZI
                                    ROBERT CONRAD LAMANUZZI
                                    Counsel for Defendant
                                    Bikramjit Singh Pannu

Dated  September 21, 2020           /s/EMILY DE LEON
                                    EMILY DE LEON
                                    Counsel for Defendant
                                    Ulises Pena

STIPULATION TO CONTINUE STATUS CONFERENCE         4
AND TO EXCLUDE TIME

**ORDER**

IT IS SO ORDERED that the Status Conference is continued from September 28, 2020 to **December 9, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** Time is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

IT IS SO ORDERED.

Dated: **September 21, 2020**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

AND TO EXCLUDE TIME

5