**LAW OFFICES OF EMILY DE LEON**
Emily de Leon, SBN 296416
1318 K Street
Bakersfield, CA 93301
(661) 331-0207
emily@lawdeleon.com

Attorney for:
ULISES PENA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT of CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ULISES PENA,<br><br>  Defendant | Case No. 1:18-cr-00065-DAD-BAM<br><br>**MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND ORDER** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT; HONORABLE BARBARA A. MC AULIFFE, UNITED STATES MAGISTRATE JUDGE; AND HENRY Z. CARBAJAL, ASSISTANT UNITED STATES ATTORNEY:

   Emily de León, attorney for Ulises Pena, hereby moves to withdraw as attorney of record due to an inability to continue representation.  This motion will be based on the Notice of Motion and on the declaration of Emily de León served and filed herewith.

                                                      Respectfully Submitted,

DATED: 03/10/21                   */s/ Emily De Leon*
                                                      EMILY DE LEON
                                                      Attorney for Defendant
                                                      ULISES PENA

**DECLARATION OF COUNSEL**

I, Emily de León, declare that I am the attorney of record for Ulises Pena and was appointed to represent Mr. Pena by the CJA Panel.

1. I was appointed to Mr. Pena's matter on or about January 28, 2019.

2. I am closing my criminal law practice on or about May 1, 2021, because my family and I are moving out of the country.

3. I have not accepted any new cases in almost a year in preparation for leaving. While I did not renew my CJA Application in the fall of 2020, I did hold onto my remaining cases in the hopes of resolving them before leaving.

4. Mr. Pena's matter is my only remaining CJA case that I was unable to resolve and on which I am seeking to be relieved.

5. I have tried diligently to resolve this case to prevent re-assignment to another attorney and believe I would have been able to do so had it not been for the unprecedented disruption from COVID-19.

6. While this case is aging, the parties have worked diligently to review to discovery and come to an agreement:

    a. The parties submitted stipulations to continue the status conferences on February 21, 2019 (Dkt. 39) as well as on April 4, 2019 (Dkt. 42) based on the voluminous discovery and counsel's need to review it. In this case, the government produced over 11,000 pages of Bates stamped discovery, including investigative reports and related documents, as well as items seized by search warrant.

    b. On May 13, 2019, a status conference was held.  At this conference, both defense counsel requested a continuance due to additional discovery to review and additional discovery to be provided.  The government had no opposition.

    c. On August 21, 2019, the parties submitted a stipulation and proposed order to continue the status conference based on counsel's unavailability due to a felony jury trial in Bakersfield as well as the parties' desire to have further discussions. (Dkt. 44)

    d. On September 23, 2019, a status conference was held.  At this conference, counsel for Mr. Pannu represented he had received additional discovery and needed time to review.  The government accurately represented that the parties were getting closer to a resolution for Mr. Pena.  (Dkt. 48).

    e. On December 9, 2019, the fifth status conference was held.  The parties jointly requested an additional status conference in order to complete negotiations and reach a disposition.

    f. On March 5, 2020, the parties submitted a stipulation and proposed order to continue the status conference (Dkt. 52).  There was additional discovery that Mr. Pannu's attorney requested.  Further, there was additional discovery to review and follow up communication with both Mr. Carbajal and my client that needed to occur.

7. Mr. Pena is an out of custody defendant with no criminal history and steady employment.  Given the requirement in the CARES Act—as implemented by General Order 614—for district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice," Mr. Pena's case likely could not have proceeded

even if the parties had agreed upon a plea.  Given the challenges of practicing law during the pandemic, counsel for Mr. Pena did give priority to in-custody defendants who were able to resolve their cases.

8. Given the closing of my practice and moving out of the country, I will no longer be able to provide effective representation to Mr. Pena.

9. I am asking the Court to relieve me and refer the case back to CJA for reassignment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2021, at Bakersfield, CA.

By:*/s/ Emily De Leon*   
EMILY DE LEON  
Attorney for Defendant  
Ulises Pena

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that a copy of the foregoing document has been caused to be delivered this day upon:

Assistant U.S. Attorney via ECF

Ulises Pena via email

*/s/ Emily De Leon*
EMILY DE LEON
Law Office of Emily De Leon
1318 K. Street
Bakersfield, CA 93301
Telephone: (661)331-0207

## **ORDER**

Good cause appearing, the Motion to be Withdraw is Granted.  The Court directs the Office of the Federal Defender to reassign Panel Counsel.

IT IS SO ORDERED.

Dated:   **March 12, 2021**              /s/ Barbara A. McAuliffe
                                                                 UNITED STATES MAGISTRATE JUDGE